IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff,

v.                                                                    NO. CV 11-0876 RB/KBM

SUNFLOWER FARMERS MARKETS,
INC., a foreign corporation, MICHAEL GILLILAND,
and ANTHONY GARCIA,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiff's Motion To Remand, filed October 25, 2011. *See Doc. 11.* Briefing is complete and no hearing is necessary before ruling on the matter.

Defendant Anthony Garcia mixed semen with yogurt and served it to Plaintiff as a grocery store sample. Plaintiff brought suit in state court against Garcia, as well as the corporation that operates the store, Sunflower Farmers Markets, and its chief operating officer, Michael Gilliland. Plaintiff seeks damages exclusively under state law. Her theories of recovery include strict liability and negligence per se for violations of the federal and state food safety laws that, among other things, prohibit adulterating food. *See Doc. 1-1* at 1-2, 8-9. In parallel proceedings initiated before Plaintiff filed her state suit, the federal government indicted Garcia for his violation of the federal food safety laws. He has since pleaded guilty and will be sentenced soon. *See United States v. Garcia,* CR 11-1865 JCH (two-count indictment, plea to both counts – "Adulteration of Food in violation of 21 U.S.C. § 331(b) and (k) . . . and

Statements or Entries Generally in violation of 18 U.S.C. § 1001(a)(2)" – and notice of sentencing presently set for January 2012).

Two of the three defendants (Sunflower and Gilliland) removed the action to this Court on September 29, 2011. Because the parties are not completely diverse, the asserted basis for jurisdiction is federal question, specifically, whether the federal food adulteration laws preempt the state laws. *See Doc. 1* at 1-2 (citing 28 U.S.C. § 1331, federal district courts' original jurisdiction over federal questions); *Doc. 1-2* (civil cover sheet); 28 U.S.C. § 1441(b) (removal of federal questions). Plaintiff filed a timely motion to remand asserting (1) that the notice of removal is defective because all defendants did not join and (2) an absence of subject matter jurisdiction. *See Doc. 11* at 1 (filed October 25, 2011); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."). Plaintiff also seeks reimbursement of the attorney fees and costs associated with her motion. *See Doc. 11* at 13; *see also* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.").

**A.      Unanimity Rule Not Grounds For Remand**

A well-established, judge-made rule requires that all defendants consent to removal under 28 U.S.C. § 1441. *See, e.g., Doc. 1* at 2 (removal under 28 U.S.C. § 1441); *Pretlow v. Garrison,* 420 F. App'x 798, 800 (10th Cir. 2011) (contrasting the broader removal authorization under 28 U.S.C. § 1442 and, among other things, noting that "all defendants must consent to removal under section 1441"); *Moreno v. Taos Cnty Bd. of Comm'rs,* 778 F. Supp. 2d 1139, 1141 (D.N.M. 2011) ("Although this mandate is not an express statutory requirement, it is well established that a notice of removal fails if this procedural requirement is not met."). Often

called the "unanimity rule," a failure of all "served" defendants to consent in writing to removal constitutes a procedural defect requiring remand. At least three judges of this Court have discussed this rule in published opinions. *See, e.g., Moreno,* 778 F. Supp. 2d at 1140 (CIV 10-1097 WJ/ACT); *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.,* 728 F. Supp. 2d 1273 (D.N.M. 2010) (CIV 10-0336 BB/LFG); *Tresco, Inc. v. Continental Cas. Co.,* 727 F. Supp. 2d 1243 (D.N.M. 2010) (CIV 10-0390 JB/GBW); *Vasquez v. Americano U.S.A., LLC,* 536 F. Supp. 2d 1253, 1257-58 (D.N.M. 2008) (CIV 07-0895 WJ/RHS).

Defendants Sunflower and Gilliland were aware a summons and copy of the complaint had "issued" to Defendant Garcia when they filed their notice of removal, and they attached a copy of it to their notice. Defendants Sunflower and Gilliland essentially argue that without the return of service, they could not be sure whether Garcia was technically "served," and therefore, omitting him from the removal notice does not render it procedurally defective. They maintain that they faced a "dilemma" because they were obliged to remove within thirty days of their receipt of the state complaint, and were concerned that if they waited to see whether Defendant Garcia was served, then their window to remove would close. As it turns out, the very day Defendants Sunflower and Gilliland filed their notice of removal, Plaintiff also filed a return of service for Defendant Garcia's summons. Though Plaintiff asserts that Defendant Garcia was actually served before the date of the notice of removal, she does not dispute that she filed the return the same day Defendants Sunflower and Gilliland filed their Notice of Removal, or that they did not have confirmation that service had been accomplished when they removed the action. *See Doc. 1-1* at 22; *Doc. 16* at 1-2; *Doc. 18* at 2-3; *Doc. 18-1* at 2.[1]

---

[1] Nor did Plaintiff's counsel include the alleged procedural defect as grounds when she asked the defense to voluntarily return the case to state court. *See Doc. 18-1* at 2.

The Tenth Circuit has not definitively settled whether a "first" or "last" defendant rule applies for removal purposes. In April of this year, Judge Johnson agreed with Judge Browning and rejected the "first served-defendant rule," instead adopting the "last-served-defendant rule" for removal purposes. *See Moreno,* 778 F. Supp. 2d at 1141-42 (citing, among other decisions, *Bonadeo v. Lujan,* No. 08–cv–0812–JB/ACT, 2009 WL 1324119, at *10–16 (D.N.M. Apr. 30, 2009)). Under the last-served-defendant rule, "the thirty-day period for removal begins for a particular defendant on the date it was served, as long as the previously served defendants consent," and is consistent with how Defendants Sunflower and Gilliland viewed their situation. *Id.* at 1141. Thus, even though "Garcia did not file his consent to removal, . . . if he was not properly served, his consent was not necessary." *Id.* at 1142. The earlier *State Farm* decision presented the same situation. There, Plaintiff State Farm filed suit against Dunn-Edwards Corporation, Affiliated FM Insurance Company, and Jerry Smith. The two corporate defendants were served, filed their notice of removal, and omitted Smith, who had not yet been served. Smith was not considered in the Court's analysis of compliance with the "unanimity rule." *See State Farm,* 728 F. Supp. 2d at 1274-75.

Plaintiff does not cite any decision, much less binding authority, that holds Defendant Garcia qualified as a "served" defendant under the circumstances of this case. Indeed, in *Moreno,* Judge Johnson looked at the "state court record" to determine the date each defendant was served, and specifically cited the completed and filed return. *See Moreno,* 778 F. Supp. 2d at 1141 (citing "*Doc*. 7–1 at 14–15"). The time between actual service and documentation of the same can be considerable. For example, the *Moreno* return showed service was accomplished on September 21, 2010, but the return was not filed until October 8, 2010. *See id*.

Likewise, none of the District of New Mexico cases cited above require a defendant to wait out the lag time between actual service and documentation of that fact in the state record, or require a defendant to take efforts beyond consulting the state court record to ascertain whether service was properly made.  Plaintiff argues that: some courts impose an obligation on the removing defendants to ascertain whether their codefendants have in fact been served; the removing defendants are not entitled to rely on the absence of a return of service for this purpose; and the removing defendants must engage in further action, such as attempting to contact the defendant personally.  *See Doc. 18* at 3.  None of the cases Plaintiff cites are binding authority.  Further, none are so factually similar and/or impose that obligation so emphatically as to persuade this Court to adopt that approach under the circumstances of this case.[2]

Because Defendants Sunflower and Garcia had no basis to conclude Defendant Garcia was a "served" defendant at the time of removal, they were not obligated to include him and secure his consent.  In fact, one of the cases Plaintiff cites supports this very conclusion.  *See Pianovski v. Laurel Motors, Inc.,* 924 F. Supp. 86 (N.D. Ill. 1996).  There, the court noted that if, as the notice of removal implied, one defendant did not join "because it had not yet been served," then the notice "would be valid."  *Id.* at 87.  However, the facts of that case showed that

---

[2]  In one of the four cases Plaintiff cites, the removing defendants placed the burden of showing lack of service on the pro se plaintiffs, but the notice of removal itself contained proof of the date of service on at least one other defendant.  That court also noted defendants, "had reason to know" that the state clerk records they invoked as the basis for their "belief" about service  "were not current and accurate."  The court found that under those circumstances, the "better practice" would be to contact defendants to see if they had been served.  *Van Duzer v. Homecomings Fin., L.L.C.,* No. CIV A. H-10490, 2010 WL 3824630, at * 2 & n.7 (S.D. Tex. Sept. 27, 2010).  Further, contrary to Plaintiff's characterization, in *Prowell,* the "petition contained no representations concerning the service, or lack of service, upon other defendants; no explanation was given for the failure to join all served defendants."  The issue in *Prowell* was whether "removal was improper because all ***served*** defendants did not join in the petition in a timely manner."  *Prowell v. W. Chem. Prods., Inc.,* 678 F. Supp. 553, 554 (E.D. Pa. 1988) (emphasis added).  Finally, in *Adreshak,* the problem was the type of proof submitted on the issue of service – there the court had "no idea when Bunchuk was served, and thus the burden of establishing federal jurisdiction kicks in."  *Andreshak v. Serv. Heat Treating, Inc.,* 439 F. Supp. 2d 898, 903 (E.D. Wisc. 2006).

the plaintiff "served . . . *and filed the proof of service* . . . one day before [defendant] filed its notice of removal." *Id.* (emphasis added). Accordingly, the Court rejects Plaintiff's contention that a violation of the "unanimity rule" provides a basis for remand.

**B.     Lack Of Subject Matter Jurisdiction Is Grounds For Remand**

The removal notice provides the grounds for removal as follows:

> Plaintiff's Complaint includes claims for violation of federal law, including violations of 21 USC § 331 and 21 USC § 333. Issues of federal law concerning Plaintiff's *right to maintain a private action* under the Food, Drug, and Cosmetics Act ("FDCA") and issues regarding *whether state statutes concerning food adulteration are preempted by the FDCA* should be decided in federal court.

*Doc. 1* at 2 (¶ 6). Plaintiff argues that the *Trujillo* decision from this District is controlling; Defendants Sunflower and Gilliland argue it is distinguishable. *See Trujillo v Reynolds,* No. CIV 07-1077 JB/RLP, 2008 WL 2323521 (D.N.M. Jan. 17, 2008). The Court need not address those arguments in detail because *Trujillo,* and its observations about the *Merrell Dow* case, are conclusive of remand, particularly in light of more recent Supreme Court authority concerning the FDCA.

In the *Trujillo* case, two balloons collided at New Mexico's 2004 International Balloon Fiesta. One of them crashed, injuring the plaintiff. Her state suit for common law negligence asserted that the collision was due to defendants' failure to observe federal regulations and standards. Defendants removed the action on the ground that the injection of the federal standards into the negligence action created a federal question, but Judge Browning remanded the case. He did so because the federal regulations did not raise a "disputed" or "substantial" issue. "Where a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic. Federal jurisdiction requires not only a contested federal issue, but

a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."  *Id.* at *6 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313 (2005)); *see also, e.g., Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1236 (10th Cir. 2006) (federal question must be both "disputed" and "substantial").  Plaintiff does not contend that the face of her well-pleaded complaint fails to raise a federal question but, rather, focuses on the dispute and substantiality requirements.  *See, e.g., Doc. 11* at 6.  Because this case does not present a "contested" or "substantial" federal issue, remand is appropriate.

### 1.  Federal Issue Not Disputed

Similar to the situation in *Trujillo,* Plaintiff's strict liability and negligence per se causes of action do not rest exclusively on a violation of federal standards because Defendant Garcia's conduct is alleged to have violated ***both*** federal and state standards.  Nor is there any serious suggestion by Defendants Sunflower and Gilliland that intentionally placing semen in a food product does not "adulterate" the item under the federal and state law.  Thus, the federal issue is an alternative, but not exclusive or necessary element of the Plaintiff's case.  For this reason alone, the federal issue here fails to meet the "disputed" requirement.

Furthermore, there appears to be no dispute about whether the respective defendants violated the federal standard.  Defendants Sunflower and Gilliland argue that since they did not directly adulterate the food or solicit customers to sample it, Defendant Garcia's conduct in violation of the statutes is ***immaterial*** to their liability under a strict or negligence per se theory.  In other words, as an evidentiary matter, neither the federal or state statute will come into play with regard to them.  *See Doc. 16* at 7.  As noted at the outset, Defendant Garcia pleaded guilty to violating the federal standards.  Plaintiff seems to concede the point – "Plaintiff is not

prosecuting Defendants under either the state or federal food tampering statutes (as indeed it would be impossible for her to do so), and merely cites them as additional evidence of Defendants' negligent conduct." *Doc. 18* at 6. Thus, alternatively, the Court finds that whether any defendant violated the federal standards is an issue that appears to be entirely settled and undisputed.

### 2. Federal Issue Not Substantial

In his substantiality analysis, Judge Browning noted that the *Merrell Dow* FDCA case presented "a greater connection to federal law," yet the Supreme Court still found "there was no federal jurisdiction." *Trujillo,* No. CIV 07-1077 JB/RLP, 2008 WL 2323521, at *10. In *Merrell Dow,* the plaintiffs alleged that a drug was misbranded in violation of the FDCA because it did not warn of potential dangers, and sought recovery under common law theories that included negligence and strict liability. " *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 805-06 (1986). The Sixth Circuit had held that because "the jury could find negligence on the part of Merrell Dow without finding a violation of the FDCA, the plaintiffs' causes of action did not depend necessarily upon a question of federal law" and that the "causes of action did not arise under federal law." *Id.* at 807 (internal quotations and citation omitted). The Supreme Court affirmed, and the reasons it mentioned are applicable here.

In *Merrell Dow,* "both parties agree[d] with the Court of Appeals' conclusion that there is no federal cause of action for FDCA violations" and the Supreme Court "assume[d] that this is a correct interpretation of the FDCA." *Id.* at 810. The Supreme Court concluded that where Congress determines there "should be no federal remedy for the violation" of the FDCA, it is "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question

jurisdiction. *Id.* at 814.  The Court was not persuaded by argument that "state use and interpretation of the FDCA pose a threat to the order and stability of the FDCA regime." *Id.* at 816.  Not only was the "concern about the uniformity of interpretation . . . considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action," it also believed "petitioner should be arguing, not that federal courts should be able to review and enforce state FDCA-based causes of action as an aspect of federal-question jurisdiction, but that the FDCA pre-empts state-court jurisdiction over the issue in dispute." *Id.* More recently, the Supreme Court noted that, save for the 1976 express preemption concerning medical devices, "[i]f Congress thought state-law suits posed an obstacle to its objectives, it surely would have enacted an express pre-emption provision at some point during the FDCA's 70–year history."  *Wyeth v. Levine,* 555 U.S. 555, 574 (2009); *see also Riegel v. Medtronic, Inc.,* 552 U.S. 312, 327 (2008) ("Congress could have applied the pre-emption clause to the entire FDCA.  It did not do so, but instead wrote a pre-emption clause that applies only to medical devices.").

      Defendants Sunflower and Gilliland concede that the FDCA does not expressly provide a private right of action. *See Doc. 16* at 8.  They argue that because the FDCA preempts state laws, it must necessarily "implicitly" provide a right of action because "Plaintiffs would need some forum to enforce their rights." *Id.*  It is true that district courts remain "divided as to whether a negligence per se claim may be based on a standard of care derived from the FDCA, its amendments, or its corresponding regulations,"[3] and that the scope of federal preemption

---

[3] *Howard v. Sulzer Orthopedics, Inc.,* ___ F. Supp. 2d ___, ___, No. 02–CV–0564–CVE–FHM, 2011 WL 2472594, at *5 (N.D. Okla. Jun. 21 2011) (and cases cited and discussed therein).

generally continues to generate a great deal of analysis.[4]  Nevertheless, in light of the undisputed fact that the FDCA does not contain an express private right of action and *Wyeth*'s observation that Congress has not amended the FDCA to preempt state law, it arguably is settled that the FDCA preemption peg upon which Defendants Sunflower and Gilliland hang their "implied" right of action does not exist according to the Supreme Court.[5]  Furthermore, the lack of a private right of action and preemption amounts to insubstantiality under the reasoning put forth in *Merrell Dow*, which is fully applicable here.

Finally, even if the Court were not persuaded that this case falls squarely within the insubstantiality reasoning of *Merrell Dow* and *Wyeth,* the novelty of the issues and disagreement among district courts is an independent grounds for not asserting jurisdiction here.  The Supreme Court squarely rejected any such notion in *Merrell Dow*:

> We do not believe the question whether a particular claim arises under federal law depends on the novelty of the federal issue. Although it is true that federal jurisdiction cannot be based on a frivolous or insubstantial federal question, "the interrelation of federal and state authority and the proper management of the federal judicial system," . . . would be ill served by a rule that made the existence of federal-question jurisdiction depend on the district court's case-by-case appraisal of the novelty of the federal question asserted as an element of the state tort.  The novelty of an FDCA issue is not sufficient to give it status as a federal cause of action; nor should it be sufficient to give a state-based FDCA claim status as a jurisdiction-triggering federal question.

*Merrell Dow,* 478 U.S. at 817.

---

[4] *Genesee Cnty. Emps. Ret. Sys. v. Thornburg Mortg.,* ___ F. Supp. 2d ___, ___, CIV 09-0300 JB/KBM, 2011 WL 5840482, at *45 (D.N.M. Nov. 12, 2011) ("The Supreme Court, however, has now begun to back away from finding implied preemption based on an alleged conflict with the purposes underlying federal regulations.") (citing, among other decisions, *Wyeth* and the FDCA analysis).

[5] *See also id.*

### C.       Attorney Fees Not Warranted

Plaintiff plainly seeks attorney fees under 28 U.S.C. § 1447(c), *see Doc. 11* at 11; *Doc. 18* at 7-8, but Defendants Sunflower and Gilliland ignore that, evidently based on Plaintiff's passing reference to Rule 11 in a direct quote of 28 U.S.C. § 1446(a), *see Doc. 11* at 4; *Doc. 16* at 8-10.  Because it is clear that Plaintiff is not arguing for an award of fees under that rule, the Court confines its analysis to § 1447(c).  An award under § 1447(c) is discretionary – "[a]n order remanding the case *may* require payment . . . ."  28 U.S.C. § 1447(c) (emphasis added).  The standard is reasonableness.  *See Martin v. Franklin Capital Corp.,* 546 U.S. 132,136-38 (2005) (rejecting the view that award of fees under 28 U.S.C. § 1447(c) is "automatic" or "presumptive").  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Porter Trust v. Rural Water Sewer and Solid Waste Mgmt. Dist. No. 1,* 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin,* 546 U.S. at 141).

In light of the unsettled law discussed above, while Defendant Sunflower and Gilliand's attempts to distinguish relevant law proved a stretch and were unsuccessful in this Court's view, the Court cannot characterize their arguments as "objectively unreasonable."  As such, an award of fees and costs is not warranted.  *See Garrett v. Cook,* 652 F.3d 1249, 1254 (10th Cir. 2011) (affirming Judge Black's award of fees on remand against pro se litigant who untimely removed based on conclusory assertion that Hispanic state court judge's rulings were racially biased; Judge Black remanded citing "'novel, largely unsupported arguments and procedural machinations . . . reams of vexatious and unfounded arguments'" and "'several unorthodox aspects [including] the large amount of time that elapsed between the filing of the suit and Mr.

Cook's notice of removal.'"); *see also, e.g., Columbia State Bank v. Daybreak Estates, LLC,* No. 10–CV–1284–AC, 2011 WL 832132, at *7 (D. Or. Feb. 9, 2011) ("Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal ultimately is unsuccessful.").

    **THEREFORE,**

    **IT IS ORDERED THAT** Plaintiff's Motion to Remand *(Doc. 11)* is **GRANTED**. Plaintiff's request for costs and attorneys fees for this motion and all associated pleadings is **DENIED**.

    **IT IS FURTHER ORDERED THAT,** in accordance with 28 U.S.C. § 1447(c), the Clerk mail a certified copy of this order of remand to the clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, Cause No. D-101-CV-2011-2744.

    *[signature]*

    **ROBERT C. BRACK**
    **UNITED STATES DISTRICT JUDGE**